# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA BENNETT; JAMES BENNETT,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 23-cv-01140-BAS-BLM<br><br>**ORDER:**<br><br>**(1) DENYING *EX PARTE* APPLICATION FOR RECONSIDERATION (ECF No. 117); AND**<br><br>**(2) DENYING MOTION FOR RECUSAL (ECF No. 124)** |

Presently before the Court are Plaintiffs Pamela and James Bennett's *Ex Parte* Application for Reconsideration (ECF No. 117) and Motion for Recusal (ECF No. 124). Defendants oppose the *Ex Parte* Application. (ECF Nos. 118–20.) No additional briefing on the Motion for Recusal is necessary. Further, the Court finds these matters suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L. R. 7.1(d)(1). For the following reasons, the Court denies Plaintiffs' Ex Parte Application for Reconsideration and denies their Motion for Recusal.

## I. Background

Plaintiffs Pamela and James Bennett are self-represented. This action is the latest in a series of proceedings arising from a foreclosure of Plaintiffs' San Diego residence. Since the foreclosure, Plaintiffs have been embroiled in a variety of state and federal court proceedings, including an unlawful detainer action and lawsuits claiming financial institutions engaged in unlawful conduct concerning the foreclosure.

This action follows that trend. The gravamen of Plaintiffs' Complaint is their allegation that "a consortium" of attorneys and "unlawful judicial participants" worked together to violate the law in Plaintiffs' prior proceedings. Plaintiffs sought to bring claims against the United States, various state court judges, a state court clerk, a homeowner's association, and attorneys who were involved in the proceedings.

Previously, this Court granted five motions to dismiss, dismissed the remaining defendant, and denied Plaintiffs' motion for leave to file an amended complaint ("Dismissal Order"). (ECF No. 114.) Ultimately, the Court directed the Clerk of Court to enter a judgment of dismissal in favor of Defendants and against Plaintiffs, resolving this case. (*Id.*)

Before the Court entered its Dismissal Order, Plaintiffs filed a Notice of Appeal to the U.S. Court of Appeals for the Federal Circuit. (ECF No. 113.) Plaintiffs were seeking review of a decision by the Hon. William Q. Hayes to construe their proposed Third Amended Complaint as a Motion for Leave to File Third Amended Complaint.[1] (*Id.*) The Court addressed the Notice of Appeal in its Dismissal Order, concluding Plaintiffs' attempt to appeal a non-final order did not deprive the Court of the power to resolve the pending motions to dismiss. (ECF No. 114.)

Following the Dismissal Order, Plaintiffs filed their Ex Parte Application for the Court to reconsider its Order. (ECF No. 117.) Plaintiffs also amended their Notice of

---

[1] Judge Hayes recused after Plaintiffs named him as a defendant in their amended pleading, and the case was transferred to the undersigned. (ECF No. 97.)

Appeal to seek review of the Court's Dismissal Order and the Clerk's Judgment. (ECF No. 121.)

While this *Ex Parte* Application was pending, the Federal Circuit issued an order noting Plaintiffs' request for reconsideration meant their Notice of Appeal was not yet effective. (ECF No. 123.) Hence, the Federal Circuit deactivated the appeal until this Court could resolve the application for reconsideration. (*Id.*) Finally, most recently, Plaintiffs filed their Motion for Recusal, asking the undersigned to recuse from this matter. (ECF No. 124.)

## II.   Recusal

The Court first addresses the 169-page Motion for Recusal to explain why it is appropriate for the undersigned to resolve the *Ex Parte* Application for Reconsideration. The standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (per curiam). Ordinarily, the alleged bias must stem from an "extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 553–55 (1994).

A court's "rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555. Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Plaintiffs contend the undersigned should recuse because of the Court's Dismissal Order. (ECF No. 124.) Plaintiffs argue the Court incorrectly applied Federal Rule of Civil Procedure 15, made various other errors, and misconstrued the record. (*Id.*) Further, Plaintiffs contend the undersigned is biased due to prior employment—from over a decade ago—with the Superior Court of California and the Department of Justice. (*Id.*) As explained by the Supreme Court, however, Plaintiffs' disagreement with the Dismissal Order does not show bias or a lack of impartiality on the part of the undersigned. *See*

*Liteky*, 510 U.S. at 555. Nor do any of the other allegations show "the judge's impartiality might reasonably be questioned." *See Hernandez*, 109 F.3d at 1453. Plaintiffs sought recusal only after receiving the unfavorable rulings in the Dismissal Order. However, a motion for recusal is not the appropriate vehicle to relitigate the Dismissal Order. Plaintiffs can raise their disagreements with the Court's rulings on appeal. Consequently, the Court **DENIES** the Motion for Recusal. (ECF No. 124.)

### III. Reconsideration

Reconsideration is an "extraordinary remedy." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). It should be used sparingly in the interests of finality and conserving judicial resources. *Id.*

Reconsideration is appropriate under Federal Rule of Civil Procedure 59(e) if: (1) the court "is presented with newly discovered evidence," (2) the court "committed clear error or the initial decision was manifestly unjust," or (3) "there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890.

Plaintiffs' 230-page *Ex Parte* Application for Reconsideration is not persuasive. Plaintiffs' application does not present "newly discovered evidence." *See ACandS*, 5 F.3d at 1263. Nor does it apprise the Court of "an intervening change in controlling law." *See id.*

Instead, Plaintiffs' Application argues with the determinations made in the Dismissal Order, including this Court's analysis of Federal Rule of Civil Procedure 15 and the underlying claims. The Application also addresses issues that are not germane to this dispute, including *Dred Scott v. Sandford*, 60 U.S. 393 (1857), and an alleged spoofing email from the Clerk's Office. None of these arguments show the Court "committed clear error" or that the Dismissal Order "was manifestly unjust." *See ACandS*, 5 F.3d at 1263.

- 4 -

23cv1140

Accordingly, Plaintiffs do not demonstrate the extraordinary remedy of reconsideration is appropriate. The Court therefore denies their *Ex Parte* Application to Reconsider the Dismissal Order. (ECF No. 117.)

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiffs' Ex Parte Application for Reconsideration. (ECF No. 117.) The Court also **DENIES** Plaintiffs' Motion for Recusal. (ECF No. 124.)

Further, judgment has been entered, the Court has resolved a Rule 59(e) request, and this case is closed. Therefore, the Clerk of Court shall accept no further filings in this matter, except a Notice of Appeal.

**IT IS SO ORDERED.**

DATED: February 13, 2025

Hon. Cynthia Bashant, Chief Judge
United States District Court